ed plastics (item 706.30 et seq., TSUS) and of "other materials" (item 706.400 et seq., TSUS).

From the value breakdown of the merchandise in issue set forth in the examination question number 4, it appears clear that the handbag cannot be deemed wholly of any one of the named component materials.

Headnote 2(a) of Schedule 3, TSUS, defines the term "textile materials" to mean "the fibers (the cotton, other vegetable fibers, wool and hair, silk, and man-made fibers) provided for in Part 1 of this schedule."

Cotton, nylon and acrylic are textile materials. *See* Part 1(A), Schedule 3, TSUS; Appendix to the Tariff Classification Study, Schedule 3 (1960).

In view of Interpretative Rule 10(c)(ii) the leather content of the handbag referred to in examination question number 4 cannot be compared to the individual cotton content, nylon content or acrylic content in determining the chief value of the said merchandise. *Vandegrift Forwarding Co.* v. *United States,* 37 Cust. Ct. 18, C.D. 1793, (1956). The leather content must be compared to the total of the cotton, nylon and acrylic materials which comprise the textile component of the merchandise in issue. Accordingly, the handbags which consist of 55% of textile materials are "in chief value" of textile materials and properly are classifiable only under item 706.2450, TSUS.

Now therefore, it is hereby

ORDERED that plaintiff's motion for summary judgment be and the same is hereby denied, and it is further

ORDERED that the defendants' cross-motion for summary judgment be and is hereby granted, and it is further

ORDERED that the Secretary of the Treasury's decision denying plaintiff's application for a customhouse broker's license is hereby affirmed.

KEUFFEL & ESSER COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80-1-00192

Before RAO, Judge.

(Dated April 7, 1983)

*Lionel N. White,* Esq. for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Michael P. Maxwell* on the brief) for the defendant.

RAO, *Judge:* This civil action concerns the proper classification of merchandise claimed by the plaintiff to be decalcomanias, and entered at the port of New York in August, 1978 as articles of rubber or plastics under item 774.60, Tariff Schedules of the United States.

A sample of the merchandise submitted by plaintiff with its brief shows it to be a sheet of plastic approximately 9 and 1/8 inches long and 4 and 3/4 inches wide, containing nine lines of black letters, numbers and symbols. The plastic sheet is backed with a cardboard sheet of identical size. This cardboard sheet is perforated so that a portion of it is readily removable, leaving a half inch border which supports the plastic carrier sheet. The letters can be transferred to other surfaces by applying pressure to the top surface of the plastic carrier sheet to which they are affixed.

Plaintiff has moved for summary judgment on the ground that the merchandise is *eo nomine* a decalcomania classifiable under item 273.75, Tariff Schedules of the United States, and supports its position with copies of patents issued for the merchandise in which it is referred to as a decalcomania. It has made an alternative claim that the merchandise is in chief value of paper, and therefore not classifiable as articles of rubber or plastic. It has not, however, supported these claims with affidavits.

Defendant opposes plaintiff's motion for summary judgment and cross-moves for summary judgment. It takes the position that a decalcomania, by definition, prior judicial determination and by reason of the legislative history of item 273.75, TSUS, is required to utilize only paper as the carrier sheet, and that therefore, the merchandise is precluded from being classified as a decalcomania.

Plaintiff states on page 11 of its brief that in the relevant field of commerce the merchandise is commonly known as a decalcomania. It also states that experts in the field regard the merchandise as a decalcomania, but these statements are made as conclusions and there is no evidentiary support for them.

This court is cognizant of the fact that the Tariff Schedules were written prospectively, to encompass new products as they are developed. If the scientific developments in the field of decalcomanias require that the definition of the word, for Tariff Schedule purposes, be enlarged to include merchandise where the carrier sheet is of plastic, this court is prepared to consider these developments.

The grant of summary judgment to either party is inappropriate where material issues of fact remain to be resolved. *United States* v. *Mobay Chemical Corp.,* 65 CCPA 53, C.A.D. 1206, 576 F.2d 368 (1978). Accordingly, it is

ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, denied in all respects; and it is further

ORDERED that defendant's cross-motion for summary judgment be, and the same hereby is, denied in all respects, and it is further

ORDERED that counsel agree on a date for a trial of the issues of fact in this case.